IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BRADLEY DEAN HENSLEY, II, #1931522 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv91 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Bradley Dean Hensley, II, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Facts of the Case

Petitioner is challenging his Grayson County conviction for aggravated assault with a deadly weapon. On November 12, 2010, after a bench trial, he was sentenced to eight years of imprisonment. His conviction was affirmed. *Hensley v. State*, No. 05-12-00558-CR, 2013 WL 1838632 (Tex. App. - Dallas April 16, 2013, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on July 24, 2013. He did not file a petition for a writ of certiorari.

Petitioner states that he mailed his first application for a writ of habeas corpus to the state court on August 12, 2014. The state application is deemed filed on August 12, 2014, in accordance with the state "mailbox rule." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Texas Court of Criminal Appeals denied the application without written order on September 24, 2014. His motion for reconsideration/rehearing was dismissed on February 2, 2015. He mailed his second application for a writ of habeas corpus to the state court on January 12, 2016. He states that it is still pending. The records of the Texas Court of Criminal Appeals reveal that the second application was dismissed pursuant to Tex. Code Crim. Proc. art. 11.07 § 4. *Ex parte Hensley*, No. WR-82,069-02 (Tex. Crim. App. March 2, 2016), http://www.search.txcourts.gov/Case.aspx?cn=WR-82,069-02&coa=coscca.

1

The present petition was filed on February 1, 2016. Petitioner states he placed the petition in the prison mailing system on January 21, 2016. The petition is deemed filed on January 21, 2016, pursuant to the federal "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition contains the following grounds for relief:

1. Petitioner was denied due process when the trial court convicted him of aggravated assault with a deadly weapon using a fundamentally defective indictment;

2. Petitioner was denied due process when the trial court charged and convicted him of an assault without evidence to support the same;

3. Petitioner was denied due process when the trial court convicted him under an assumption that he threatened the victim with an assault without evidence of the same;

4. Petitioner was denied due process when the trial court convicted him based on a guilty plea without actual proven evidence; and

5. Petitioner was denied effective assistance of counsel because trial counsel failed to investigate the integrity of the indictment.

The Director has not been ordered to file a response. On March 7, 2016, Petitioner filed a response (docket entry #7) to an order to respond to the issue of whether the petition should be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court must accord a petitioner fair notice and an opportunity to respond before dismissing a petition *sua sponte* as time-barred).

## Discussion and Analysis

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively

applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the present case, Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. The Texas Court of Criminal Appeals refused his petition for discretionary review on July 24, 2013. Petitioner did not file a petition for a writ of certiorari. In interpreting § 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit concluded that a state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, the Petitioner had ninety days from the refusal of his petition for discretionary review to file a petition for a writ of certiorari. *See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Fifth Circuit has thus held that a conviction is final for purposes of habeas corpus review ninety days after the Texas Court of Criminal Appeals denies a petition for discretionary review and the defendant does not seek review in the United States Supreme Court. *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). The Texas Court of Criminal Appeals refused his petition for discretionary review on July 24, 2013. The conviction became final ninety days later on October 22, 2013. The present petition was due no later than October 22, 2014, in the absence of tolling provisions. It was not filed until January 21, 2016.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed an application for a writ of habeas corpus in state court on August 12, 2014. It was denied on September 24, 2014. Petitioner filed a motion for reconsideration/ rehearing, which was dismissed on February 2, 2015. In light of the motion for hearing, the deadline

3

was tolled from August 12, 2014 through February 2, 2015. *Hooks v. Quarterman*, 224 F. App'x 352, 353 (5th Cir. 2007). The first state application was pending for 175 days; thus, the deadline of October 22, 2014 was extended by 175 days to April 15, 2015. Once again, the present petition was not filed until more than nine months later on January 21, 2016. Petitioner filed a second application for a writ of habeas corpus in state court on January 12, 2016, but that application did not effectively toll the deadline since it was filed more than eight months after the deadline.

In Petitioner's response to the order to discuss why his petition should not be dismissed as time-barred, he stressed that he did his best to file the present petition by February 2, 2016. He apparently thought that he has one year from the time his first state application was resolved to file the present petition. However, the one year limitations period started running when his conviction became final, as opposed to when the Texas Court of Criminal Appeals decided his first state application for a writ of habeas corpus.

Petitioner also stresses that he was transferred several times after arriving at the Texas prison system. He has been in lock-down and has had limited access to the law library. His explanation raises the issue of equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Petitioner has not satisfied either requirement. He has not shown that he has been pursuing his rights diligently. Moreover, the obstacles mentioned by him are rather ordinary as opposed to extraordinary. He has not shown that he is entitled to equitable tolling.

Overall, the present petition was not timely filed and should be dismissed as time-barred.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and that the case be dismissed with prejudice as time-barred. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

5

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 10th day of March, 2016.**

                                                   _____
                                                   DON D. BUSH
                                                   UNITED STATES MAGISTRATE JUDGE